UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------------------X
                                        :
   MARK GREEN,                          :
                                        :
                        Petitioner,     :
                                        :
              -v-                       :
                                        :
   WARDEN MDC BROOKLYN, et al.,         :
                                        :
                        Respondents.    :
                                        :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _08/12/2015_

15-CV-6251 (JMF)

MEMORANDUM
OPINION AND ORDER

JESSE M. FURMAN, United States District Judge:

Petitioner Mark Green, having been convicted on December 4, 2009, of various offenses in the United States District Court for the Eastern District of Pennsylvania and sentenced principally to 139 months' imprisonment, brings this petition pursuant to Title 28, United States Code, Section 2241(a) seeking the writ of habeas corpus. In his Petition, Green argues that time he spent in Pennsylvania state custody from 2001 to 2006 or 2007 should be credited toward his current sentence because he was held in state custody due to the negligence of the Federal Bureau of Prisons. (Petn. at 8-10). Green initially filed his Petition in the United States District Court for the Eastern District of New York. (Docket No. 1). On February 24, 2015, Respondents filed a memorandum in opposition to the Petition, arguing that the Petition should be dismissed (or transferred) for lack of jurisdiction because Petitioner is incarcerated in the Southern District of New York or, in the alternative, on the merits. (Docket No. 9). Petitioner responded on March 5, 2015 (Docket No. 10), and by Order entered on August 7, 2015, the Honorable Kiyo A. Matsumoto transferred the Petition to this Court. (Docket No. 11).

Upon review of the Petition, Respondents' memorandum, and Petitioner's reply, the Petition is DISMISSED, substantially for the reasons set forth in Section II of Respondents' memorandum. Put simply, pursuant to Title 18, United States Code, Section 3585(b), Petitioner is not entitled to credit for the time he was incarcerated by the state of Pennsylvania because that incarceration was neither the "result of the offense for which the sentence" he is now serving "was imposed" nor the "result of any other charge for which" Petitioner "was arrested after the commission of the offense for which the sentence" he is now serving "was imposed." Indeed, Petitioner's current conviction stems from conduct committed between January 2007 and August 2007, *see United States v. Green*, No. 08-CR-44, 2011 WL 1877299, at *1 (E.D. Pa. May 16, 2011), *aff'd*, 516 F. App'x 113 (3d Cir. 2013), *cert. denied*, 134 S. Ct. 2818 (2014), and he was released from Pennsylvania state custody in October 2006. (Docket No. 11, at 2 n.1).

For the foregoing reasons, the Petition is DISMISSED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d

1011, 1014-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997).  Finally, the Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this decision would not be taken in good faith, so *in forma pauperis* status is denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Petitioner.[1]

SO ORDERED.

Dated:  August 12, 2015
        New York, New York

JESSE M. FURMAN
United States District Judge

---

[1]     In his Petition, Petitioner requested the appointment of counsel (primarily to assist in connection with making an application for bail).  (Docket No. 1, at 3).  In light of the Court's decision, any such application is moot.  Additionally, it is well established that "[t]here is no constitutional right to representation by counsel in habeas corpus proceedings" and that "[c]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor."  *Williams v. Breslin*, 06-CV-2479 (SJF), 2008 WL 163599, at *1 (E.D.N.Y. Jan. 10, 2008) (citing *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) and *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)) (internal quotation marks omitted).